## JULIUS MILLER v. FREDERICK FRIES AND LAURA MARKS.

Submitted March 25, 1901—Decided June 10, 1901.

1. A motion to discharge or modify a rule to show cause for a new trial, on the ground that the rule was irregularly allowed, should be made in the branch court, and should not be considered in the main court, on final argument of the rule.

2. The condition of a bond to "save and keep harmless" the obligee from certain debts existing against him is not broken by the fact that the debts have passed into judgment against him.

---

On contract. On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, COLLINS and HENDRICKSON.

For the plaintiff, *William T. Boyle* and *Howard Carrow*.

For the defendants, *Howard L. Miller* and *Frederick A. Rex*.

The opinion of the court was delivered by

DIXON, J. This suit was brought by the obligee against the obligors, upon a bond dated January 16th, 1899, in the penal sum of $1,480, the condition of which was that the latter would "save and keep harmless" the former from all partnership debts and liabilities existing against the firm of Miller, Winkworth & Company wherein the plaintiff and the defendant Marks had been members. The defendants pleaded the incongruous plea of *non assumpsit,* and at the trial obtained leave to plead release or payment.

The evidence of the plaintiff was that, on March 10th, 1900, the Fries-Breslin Company had recovered a judgment against the firm above named, including the present plaintiff, for $1,270.35, and thereupon, the defendants' proof failing to support their plea, the trial justice ordered a verdict for the plaintiff for that sum. The case is now here on a rule to show cause why a new trial should not be granted.

The plaintiff asserts that the rule, which was allowed by the trial justice, was not applied for within six days after verdict, as required by our general rule No. 34, and therefore, he insists, that it cannot present for review the conduct of the trial, and must be confined to such questions as are raised by the testimony taken under the rule after trial. But the terms of the rule are general—broad enough to cover every

cause that may be alleged for setting aside the verdict; and on this final argument it should be considered according to its terms. If the plaintiff deemed its allowance, in its present form, irregular, he should have applied to the branch court for its discharge or modification.

One of the reasons assigned by the defendants for setting aside the verdict is "that the verdict is against the law of the case." This reason is well founded.

The condition of the bond is "to save and keep harmless" from certain existing debts and liabilities, and the only fact assigned and proved as a breach is that one of those debts has passed into judgment against the plaintiff. It is settled in this court that the mere existence of debts, even in the form of judgments against the covenantee, does not legally constitute the breach of a covenant to indemnify and save harmless. *Jeffers* v. *Johnson,* 1 *Zab.* 73. Such a covenant is not equivalent to a covenant *to pay* existing debts. Consequently no damages could lawfully be awarded on such an allegation of breach, and the plaintiff was entitled only to nominal damages, and that merely because no demurrer or true plea was interposed.

This defect in the plaintiff's case is not referred to in the brief for defendants, but it is so radical that, when coupled with the facts disclosed by the evidence taken after trial, we think justice requires us to regard it on this rule. The additional facts are that, on June 30th, 1899, the account on the books of the Fries-Breslin Company against the firm of Miller, Winkworth & Company was balanced by a credit of $1,187.84, the entry of which credit had been made by the bookkeeper of the Fries-Breslin Company, under the direction of its president; a like sum was, at the same time and in the same manner, charged upon the books of the corporation to the defendant Fries, in whose favor there then stood on said books a much larger credit. So that, when the Fries-Breslin Company obtained its judgment against the said firm, the corporate books showed that the account for which the judgment was entered had been satisfied. While the testimony in this case does not make it clear that the corporation

is estopped by these entries from claiming that the firm is still its debtor, it does present strong ground for holding that the defendants, who seem to have learned of the above facts since the trial, should have full opportunity to defend against a claim which, perhaps, one of them has already substantially satisfied, and which, if not satisfied, is legally immature.

The rule to show cause is made absolute.