[No. 5342.  Decided April 17, 1905.]

ROLAND H. DENNY et al., Respondents, v. JAMES C.
SPURR, Respondent, AND THE UNITED STATES
FIDELITY & GUARANTY COMPANY,
Appellant.[1]

$\left| \begin{matrix} 38 & 347 \\ 138 & 701 \end{matrix} \right.$

INDEMNITY—INSURANCE—BOND GUARANTEEING BUILDING CONTRACT—NOTICE OF ACTS INVOLVING LOSS—CONSTRUCTION—RELEASE OF SURETY.  An indemnity bond or policy guaranteeing the performance of a building contract, which stipulates that notice must be given the surety of any act on the part of the contractor which may involve a loss, does not require the giving of notice of the various defaults of the contractor in completing the building on time or paying bills, and a notice given as soon as the claimants sought to make their claims charges against the property is in time to prevent the discharge of the surety.

SAME—DELAY—INTEREST.  In such a case, the surety company cannot complain that it was prejudiced in the matter of interest by the delay in giving notice, where, on receiving notice, it disputed the claim and did not tender the amount of the damages.

SAME—MECHANICS' LIENS AS BREACH OF CONTRACT—WAIVER BY OWNER.  Where an indemnity bond guarantees the performance of a building contract in which the contractor agrees to furnish all the material, the owner is not obliged to treat the filing of a mechanics' lien as a breach of the contract, and assume the burden of establishing the lien; but he may waive the same until it is established by a court of competent jurisdiction, in which case his right of action on the bond accrues at that time, and an action begun within the six months limited in the bond after the first lien is established by judgment is in time.

Appeal from a judgment of the superior court for King county, Albertson, J., entered May 31, 1904, upon find-

[1]Reported in 80 Pac. 541.

ings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action upon an indemnity bond guaranteeing a building contract. Affirmed.

*James B. Murphy* and *Carr & Preston,* for appellant.

*E. F. Blaine,* for respondents.

CROW, J.—This action was commenced in the superior court of King county, by the respondents Roland H. Denny, in his own proper person and as sole executor of the last will and testament of Arthur A. Denny, deceased, and M. A. Denny, L. C. Frye, O. C. Denny, M. L. Denny, A. W. Denny and C. L. Denny (being the only heirs at law and devisees under said will), against James C. Spurr, respondent, and The United States Fidelity & Guaranty Company, a corporation, appellant, to recover damages arising out of the nonperformance of a building contract. Respondents Roland H. Denny *et al.* recovered a judgment against respondent James C. Spurr and appellant, The United States Fidelity & Guaranty Company, in the sum of $4,837.89, together with interest and costs. From said judgment, The United States Fidelity & Guaranty Company has appealed.

On the 11th day of April, 1901, respondents Roland H. Denny *et al.* entered into a written contract with respondent James C. Spurr, for the erection of a certain building, in the city of Seattle, for the total consideration of $32,025. On the 18th day of April, 1901, the said James C. Spurr, as principal, and the appellant, The United States Fidelity & Guaranty Company, as surety, executed and delivered, to said respondents Roland H. Denny *et al.,* a bond in the penal sum of $10,000, conditioned that said Spurr should well, truly, and faithfully comply with all the terms, covenants, and conditions of said building con-

tract, on his part to be kept and performed according to its tenor and effect. Said bond had therein written, with other conditions, the following:

"(1) Provided, that said surety shall be notified in writing of any act on the part of said principal or his agents or employees, which may involve a loss for which the said surety is responsible hereunder, immediately after the occurrence of such act shall have come to the knowledge of the fully authorized representative or representatives of Roland H. Denny, . . . who shall have the supervision of the completion of said contract, and a registered letter mailed to the president of said surety at its principal office in Baltimore City, Md., shall be deemed sufficient notice within the meaning of this bond.

"(2) Provided further, that any suits at law or proceedings in equity brought against this bond to recover any claim hereunder must be instituted within six months after the first breach of said contract."

It is claimed by appellant, that, under the terms of said contract, the building was to have been completed on the 15th day of October, 1901; that said building was not completed until the 13th day of March, 1902, which constituted a breach of the contract; that on September 8, 1902, various liens were filed against said building for material furnished; and that the first notice appellant had under the first provision of the said bond above mentioned was on September 9, 1902, the day following the filing of said lien notices, at which time written notice of the said filing of said lien was given to appellant by respondents Roland H. Denny et al. It appears from the record that action to foreclose said liens was commenced on or about the 4th day of March, 1903; that respondents Roland H. Denny et al., on March 16, 1903, notified appellant of the pendency of said foreclosure suit, and demanded that appellant take steps either to pay or defend said suit. Appellant failed to pay or make any defense. Respondents

Roland H. Denny *et al.,* with respondent James C. Spurr, defended said suit, and contested the validity of said liens. On October 30, 1903, final judgment was entered foreclosing the liens, one in favor of the American Bridge Company for $2,539.15, with interest, attorney fees, and costs; and one in favor of W. P. Fuller & Co., for $1,500, with interest, attorney fees, and costs. At the date of entry of said judgment, there was an unpaid balance of $220.55 due respondent James C. Spurr from respondents Roland H. Denny *et al.,* on the building contract. This amount, by stipulation of respondents and appellant, was applied as part payment upon the Fuller claim. After making said partial payment, respondents Roland H. Denny *et al.* were compelled to pay, and did pay, the amounts adjudged to be due the American Bridge Company, and W. P. Fuller & Co., to prevent the sale of their real estate under said foreclosure decree. They were also compelled to disburse certain attorney fees in defending said foreclosure proceeding, and the trial court in this action allowed respondents $250 for such attorney fees in their judgment against appellant. On November 11, 1903, respondents Roland H. Denny *et al.,* in writing, notified appellant of said foreclosure decree, furnished appellant with certified copies thereof, and demanded payment of the same. Appellant having declined to make payment, this action was commenced on December 31, 1903.

Two contentions are made upon this appeal: (1) that notice was not given appellant of the various defaults of the contractor Spurr, immediately after such defaults came to the knowledge of the respondents Roland H. Denny *et al.,* or their representative who had supervision of the completion of said contract; (2) that this action was not brought within the time required by the terms of said

bond, to wit, within six months after the first breach of said contract. In view of former decisions of this court, we think there is no merit in either of these contentions made by appellant. Upon the first proposition, we will state that this court has heretofore held that notice given under similar circumstances, and in the manner above set forth, was in time, and that the surety was not relieved from liability by reason of any delay in the giving of such notice. *Ovington v. Aetna Indemnity Co.*, 36 Wash. 473, 78 Pac. 1021, and *Heffernan v. United States F. & G. Co.*, 37 Wash. 477, 79 Pac. 1095. In *Ovington v. Aetna Indemnity Co.*, this court used the following language:

"The owner cannot know from the mere fact that the contractor has used his credit in the purchase of labor or material for the construction of the building that the cost of the same will be made a charge against his property. He knows that fact only when legal steps are taken to make the cost such a charge, and, as the primary purpose of the bond is to secure to the owner the faithful performance of the contract on the part of the contractor, its language must receive a reasonable construction to that end. It must be given the usual and ordinary meaning the language would have when considered with reference to the subject-matter under consideration and the evident purpose and intent of the parties. To say that it means that the owner must give notice of every act of the contractor which may, by some remote possibility, ripen into a charge against the property, is not to follow this rule; it is to give it a construction subversive of its purpose, making the bond a trap for the unwary rather than a business like attempt to furnish security for a very common undertaking. As the owner notified the surety of those claims as soon as the claimants sought to make their claims charges against his property, we hold the notification to have been in time to prevent the discharge of the surety."

In *Heffernan v. United States F. & G. Co., supra,* this court said:

"But we have held, in similar cases, that it was not necessarily fatal to the right of the obligee to recover on the bond that notice of the failure of the principal to comply with the terms of the contract was not given at the time the bond prescribes. While it is true that the requirement of notice is for the surety's benefit, and it may insist on a strict compliance with the terms of the bond in that respect wherever failure to give such notice might result in a loss to it, yet when the notice serves its purpose as well when given after the prescribed time as it does before— that is, when it is equally effective in protecting the surety from loss—it is inequitable, and a manifest abuse of the purposes of this provision of the bond, to hold that the mere technical variance shall relieve the obligor entirely; the surety, being a compensated surety, can insist only on those forfeiture clauses of its contract the failure to comply with which probably inflicts upon it a loss."

Appellant undertakes to show that it has been prejudiced and sustained loss by the delay in the giving of notice, in this, that it will be compelled to pay interest for a much longer period of time than if said notice had been promptly given. We fail to see how appellant has sustained loss or been prejudiced by any additional liability for payment of interest. Had it seen fit to do so, it could, as soon as it actually learned of the first default of the contractor, and of its liability as surety for damages sustained, have tendered respondents the amount of said damages without interest; possibly it might then have been in a position to raise some question as to interest. Appellant, however, not only failed to make any such tender, but at all times since it first received notice of the default of the contractor, has been disputing and contesting respondents' claim, and seeking to avoid liability, not only for interest, but for any damages whatever under the bond. Appellant has failed to show that it has been prejudiced or has sustained any

loss by the delay which it claims has occurred in the matter of giving notice.

Appellant also urges that this suit has not been brought within the time required by the terms of the bond. This question has heretofore been decided by this court adversely to appellant's contention in the cases of *Friend v. Ralston*, 35 Wash. 422, 77 Pac. 794; *Beebe v. Redward*, 35 Wash. 615, 77 Pac. 1052; and *Ovington v. Aetna Indemnity Co., supra*. In *Beebe v. Redward, supra*, this court said:

"The owner may, therefore, waive the apparent breach of the contract caused by the mere filing of the lien, and insist that a covenant such as the one now before us is broken only when the lien is made a fixed and determinate charge against his property, by the judgment of a court of competent jurisdiction."

Under these authorities, the respondents had a right to delay this action on the bond until the exact amount of their liability upon the liens had been ascertained, determined, and adjudicated by a court of competent jurisdiction. The foreclosure judgment, as above stated, was entered on October 30, 1903, and this action was commenced on December 31, 1903, within the time contemplated by the bond.

The judgment of the superior court is affirmed.

Mount, C. J., Rudkin, and Dunbar, JJ., concur.

Root, J. (concurring)—I concur solely by reason of the doctrine of *stare decisis*.

Hadley and Fullerton, JJ., took no part.