[No. 7856.   Decided May 26, 1909.]

MAUDE MARTIN et al., Respondents, v. EMPIRE STATE SURETY COMPANY, Appellant.[1]

INDEMNITY—CONTRACTOR'S BOND—NOTICE OF ACTS INVOLVING LOSS —RELEASE OF SURETY. A bond guaranteeing the performance of a building contract, which stipulates for immediate notice of any breach of the contract, does not require notice of every act constituting a default, but the owner may wait until claimants seek to make their claims charges against the property.

SAME—ACTIONS ON BOND — ACCRUAL — DATE OF FIRST BREACH— WAIVER—LIMITATIONS. A contractor's bond providing that action must be instituted within six months after the first breach of the contract does not require suit within such time upon any breach that is waived by the owner without prejudice to the surety; and the owner may wait until claims are sought to be made liens upon the property, tender the defense of the actions to the surety, and . later sue to recover the judgment paid and expenses.

SAME—AGREEMENT ALTERING CONTRACT. A surety on a contractor's bond is not released by a secret understanding between the owner and contractor to the effect that the owner might desire an accommodation by acceptance of a mortgage, in lieu of the last payment; especially where the contractor defaulted and payment was made in cash.

SAME—RELEASE OF SURETY—FAILURE TO MAKE PAYMENT. A surety on a contractor's bond cannot claim a release by the owner's failure to make a payment due the contractor, when it does not appear that the payment was demanded or any certificate presented therefor, or that failure to pay caused the contractor's default.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered June 30, 1908, upon findings

[1]Reported in 101 Pac. 876.

in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action upon an indemnity bond.   Affirmed.

*Hayden & Langhorne* and *John P. Hartman,* for appellant.

*Blattner & Chester* and *L. B. da Ponte,* for respondents.

DUNBAR, J.—The respondents let a contract to defendant Duff, to erect an apartment house in Tacoma for the agreed consideration of $11,628, which contract required a bond for the performance of the contract in the sum of $2,500, which was executed with appellant as surety.   The contract and bond are both made a part of the complaint and are exhibits in the case.   The contractor Duff permitted bills to go unpaid for materials and labor, and liens were filed, part of which were foreclosed; so that, after allowing the full amount of the contract price, there was still due $3,642.64. Actions were commenced to foreclose the liens above mentioned and, upon the commencement of the action, defendant Duff and the Empire State Surety Company were notified of the pendency thereof and requested and required to defend the same.   But the defendants failed to defend said cause, and plaintiffs were obliged to, and did, defend the same, and such proceedings were had that judgment was rendered against the plaintiffs in the sum of $2,650, and the property was ordered sold.   The complaint alleges certain expenses, including attorney's fees and other expenses incident to the suit, and this suit was brought to recover against the appellant the sum of $2,500, the amount it was liable for on the bond.   Demurrer was filed to the complaint, which was overruled.   The cause was tried, and judgment was rendered as prayed for.

Exceptions are taken to many of the findings of fact, but from an examination of the record, we conclude that the findings were justified by the testimony in the case.   So that there is practically nothing left but the questions of law in-

volved, the main contention being that the judgment should be reversed because the respondents did not give notice of the breach of the contract immediately after the occurrence, to wit, about August 1, 1907, and that the appellant was therefore discharged from liability on the bond; and second, because the action was not commenced within six months after the time of the first breach, or at least from the notice thereof, which would be six months from August 27, 1907, the action having been commenced in March, 1908. The first lien was filed on October 18, 1907. Prior to this, however, on August 22, 1907, the architect gave written notice to the appellant of the contractor's default, and in a few days the agent of the appellant, Mr. Church, called on the architect and said that respondents had violated the contract, and that the appellant claimed to be relieved of any liability.

So far as the question of notice is concerned, this case falls within the decision in the cases of *Denny v. Spurr*, 38 Wash. 347, 80 Pac. 541; *Ovington v. Aetna Indemnity Co.*, 36 Wash. 473, 78 Pac. 1021, and *Heffernan v. United States Fidelity & Guaranty Co.*, 37 Wash. 477, 79 Pac. 1095. It is conceded by the appellant that these cases are controlling if adhered to, but it is urged that they do not state the law and should therefore be overruled. We are not convinced from any argument presented that the rule announced in the causes referred to should not be adhered to. The question raised with reference to the commencement of the action is also *stare decisis* in this state. *Friend v. Ralston*, 35 Wash. 422, 77 Pac. 794; *Beebe v. Redward*, 35 Wash. 615, 77 Pac. 1052; *Ovington v. Aetna Indemnity Co., supra*. The doctrine announced in those cases is too well established to be longer questioned.

There is also a contention that there was a secret understanding between Duff and respondents, which made a different liability from that assumed by appellant; that therefore a fraud was practiced against appellant that released it from its obligation, viz: that the respondents had made arrange-

ments with Duff and that when he had completed the work specified in the contract, respondents might want him to accommodate them by taking a second mortgage for such sum as might be due him.  This was in no sense a contract, and was not binding on Duff, and never was carried into effect. So that it plainly appears that appellant was in no wise injured.  It could not in the nature of things, as shown by the testimony, have been carried into effect, because, at the time anticipated by the respondents when they would require the favor, the contractor was delinquent, and the entire contract price was paid in cash.

There is also a suggestion that the respondents had violated the contract by not making a payment of some $286 to the contractor at the time it was due.  But there is nothing in the testimony to show that the certificate was ever presented for payment, or that the want of payment was the cause in any manner or in any degree of the failure of the contractor to finish the building according to the agreement. The testimony, however, on the other hand, shows that Duff, the contractor, did not even know that this payment had not been made until after he abandoned the contract.

The complaint states a cause of action.  The appellant entirely failed to show that it had been injured in any respect whatever by any action of the respondents, and the judgment is therefore affirmed.

ALL CONCUR.