[No. 8741. Department One. June 2, 1910.]

# H. G. LAZELLE *et al.*, *Respondents*, v. EMPIRE STATE SURETY COMPANY, *Appellant.*[1]

PRINCIPAL AND SURETY—BUILDING CONTRACTS—CONTRACTOR'S DE-
FAULTS—BONDS. Deviations from a contract in minor details and
mistakes of the contractor, which are corrected on calling his atten-
tion thereto, do not constitute defaults, within the meaning of a
building contract requiring written notice of default to be given to
the surety on the contractor's bond, no loss having been sustained
by the owner.

SAME—NOTICE OF BREACH OF CONTRACT—NECESSITY. The surety on
a contractor's bond cannot complain of failure to give written notice
of defaults by the contractor, within the time required by the con-
tract, where no loss or substantial damage resulted therefrom, and
notice was given in ample time to enable the surety to protect itself.

SAME—EVIDENCE OF DAMAGE—CERTIFICATE BY ARCHITECT. The
architect's certificate of the cost to the owners of completing a
building after the contractor's default is admissible to prove the
damage, in an action against the contractor's surety, where the
building contractor stipulated that the architect should audit the
cost and that his certificate should be conclusive.

Appeal from a judgment of the superior court for King
county, Main, J., entered January 4, 1910, upon findings
in favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action on contract. Affirmed.

*John P. Hartman*, for appellant.

*Caldwell & Riddell*, for respondents.

MORRIS, J.——Action upon bond, to recover for breach of
building contract. Judgment for plaintiffs, and the surety
company appeals.

The respondents alleged a breach of the contract in three
particulars: Failure to supply proper material, furnish
competent workmen, or to prosecute the work with diligence.
The answer contained nothing other than denials. The

[1]Reported in 109 Pac. 195.

errors complained of are: Failure of the evidence to show notice to the surety within the limitation of the bond; taking possession of the building and ousting the contractor, and failure in proof of damages. The provision of the bond as to notice required written notice of the contractor's default, with a verified statement of particulars, to be delivered at the home office of the surety within fifteen days. The contract provided for the completion of the building on January 8, 1909. There was no demurrage clause, nor was time made of the essence. It not being completed on January 21, due notice was given to the surety, and on February 4, nothing having been done by the company, personal notice of the default was given to the Seattle agent of the company. The appellant then executed a written waiver of the requirement for delivery of notice at the home office, and agreed to accept notice at the Seattle office; and on February 11, following this waiver, the respondents in the meantime having made several complaints of the manner in which the work was being done, the unskillfulness of the workmen, and the poor quality of the material, the respondents requested appellant to take charge of the work and complete the contract. This was refused.

The next day the architects gave respondents a certificate, to the effect that the contractor had failed to comply with the contract in the particulars complained of by respondents, and gave it as their judgment that, because of these defaults, the owner was justified in terminating the contract and taking possession of the building. This certificate was in accordance with a stipulation in the contract. The respondents served a copy of this certificate upon the contractor, with a further notice that in three days they would take possession. Copies of the certificate and notice were also served upon the appellant on February 13, and on February 16 respondents mailed a verified statement of the particulars in which he claimed default to the home office of the appellant. On February 22 a further written statement was mailed,

notifying the surety company of the payment of the indebtedness against the building created and unpaid by the contractor. Respondents then took possession of the building and completed it, and on July 19 the architects gave a certificate in which they certified the cost to the owner by reason of the contractor's default. By December 1, the owner knew of instances in which the contractor was avoiding the contract in some minor details. In that month it was noticed that he had arranged the second story of the dwelling so that the roof would be too high, and his attention being called to the mistake, he was required to rectify it. None of these particulars are complained of by respondents; nor is there any claim of damage because thereof. The appellant, however, contends that these defaults constituted breaches of the contract, and that it was entitled to notice within fifteen days, and is now released because of the failure to give such notice.

It has never been held that, every time a contractor put in a defective board which was changed, on his attention being called to it, or sometimes sawed a timber off too short, or cut his joist too long, or erred in other minor details which on notice were all corrected, these constituted such breaches of the contract as would relieve a surety not receiving notice. In building contracts substantial compliance is the requirement, and it may be assumed that, from time to time as the work progresses, there will be technical violations of the specifications which will require correction. Yet to hold that these were breaches of the contract, requiring notice, no loss having been sustained by the owner, would be a strict interpretation of the contract never followed by this court. The notice provision is inserted for the benefit of the surety. It is to give him notice of the doing or neglecting to do something by the contractor which will result in loss to the owner primarily, and thus subject the surety to a liability. And since the purpose of the provision is protection to the surety, when it appears that notice is given in ample

time to enable the surety to protect itself against loss or damage, it is sufficient, since it has accomplished that which it was the intent of the notice to accomplish. Hence, the rule has been established that the surety cannot complain when it can show no loss or substantial damage by reason of the failure to receive notice, in the exact and technical language of the contract, or make it appear that its failure to receive notice has prevented it from taking proper steps for its protection. *Ovington v. Aetna Ind. Co.*, 36 Wash. 473, 78 Pac. 1021; *Heffernan v. United States Fidelity & Guaranty Co.*, 37 Wash. 477, 79 Pac. 1095; *Denny v. Spurr*, 38 Wash. 347, 80 Pac. 541; *Martin v. Empire State Surety Co.*, 53 Wash. 290, 101 Pac. 876. The appellant interposed no defense of any loss it had suffered by what it claimed the lack of notice; it made no attempt to show anything it might have done to protect itself had it sooner known the character of the work, material, and workmen furnished under the contract; and since the damage complained of by the respondents would have been spared them had appellant acted when it did receive notice, we cannot find any prejudicial loss to appellant in this assignment of error.

All that need be said concerning the next assignment is that the evidence amply justified the giving of the certificate by the architect, and under the contract its receipt by the respondents was a justification for them to proceed as they did. In this regard, due notice of the fact was given appellant, and it had ample opportunity to take charge and save respondents and itself from further loss.

As to the next assignment, the contract provided that, in case the owner should be compelled to take charge of the building and finish the contract, the cost should be audited and certified by the architects, and such audit and certificate should be conclusive upon the parties. Such stipulations are usual in contracts of this character, and the courts recognize the same binding force of the agreement made by the parties in this respect as in any other. Having stipulated

that such certificate should be conclusive, it cannot now be said it was inadmissible or incompetent to prove the damage to the owner. *Eldridge v. Fuhr*, 59 Mo. App. 44; *Norcross v. Wyman*, 187 Mass. 25, 72 N. E. 347; *Charlton v. Scoville*, 144 N. Y. 691, 39 N. E. 394.

Finding no error, the judgment is affirmed.

RUDKIN, C. J., CHADWICK, FULLERTON, and GOSE, JJ., concur.