SUMNER PHOSPHATE CO. v. JARECKI CHEMICAL CO. AND AMERI-. CAN SURETY CO.

1. AMENDMENT OF ANSWER DENIED FOR LACHES IN MAKING APPLICATION.

A surety company's application to amend its answer admitting execution of the bond set forth in the petition and sued on, to deny the bond because of alterations therein, comes too late upon trial nearly three years after answer filed during which period depositions were taken upon notice to the surety and the original bond exhibited; especially since to interpolate the condition in the bond alleged to be altered would have the effect of making the bond and contract inconsistent.

2. FAILURE OF PAYEE TO NOTIFY SURETY OF DEFAULTS OF PRINCIPAL AS TO PART OF CONTRACT TERMS NO RELEASE AS TO DEFAULTS DULY NOTICED.

Failure of the payee of a bond for performance of a contract to notify the surety of defaults by the principal as to part of the contract does not operate as a release of the surety, in absence of actual prejudice shown, as to defaults for which notice was duly given.

3. SLIGHT DEVIATIONS IN PERFORMANCE OF CONTRACT TERMS NOT AFFECTING PERIOD OF LIABILITY DO NOT RELEASE SURETY.

Slight deviations, as to amount and time of delivery of contract article, by request of payee of bond securing contract, not affecting the period of alleged liability, do not release surety.

Phosphate Co. v. Chemical Co.

4. ADMISSION OF EVIDENCE OF MARKET VALUE.

Admission of evidence of market value of subject of contract at other nearby points to be considered in absence of market value at stipulated place of delivery is not prejudicial to interests of surety on bond in action thereon.

[Syllabus approved by the court.]

ERROR to common pleas.

*Addison, Sinks and Babcock* and *D. H. Sowers,* for plaintiff in error.

*Arnold, Morton & Irvine* and *M. R. Waite,* for defendant in error:

Cited and commented upon the following authorities: *Baird* v. *Telephone Co.* 30 O. C. C. 107 (10 N. S. 163); *Toledo, B. G. & So. Trac. Co.* v. *Sterling,* 29 O. C. C. 227 (9 N. S. 200); *Conrad* v. *State,* 75 Ohio St. 52, 78 [78 N. E. Rep. 957; 6 L. R. A. (N. S.) 1154; 8 Am. Cas. 966]; *State* v. *Barlow,* 70 Ohio St. 363 [71 N. E. Rep. 726]; *Baker* v. *Lawrence,* 27 Ohio St. 418; *Way* v. *Langley,* 15 Ohio St. 392; *Buck* v. *Waddle,* 1 Ohio 357; *Thayer* v. *Luce,* 22 Ohio St. 62; *Van Buren Co.* v. *American Surety Co.* 137 Ia. 490 [115 N. W. Rep. 24; 126 Am. St. 290]; *Lakeside Land Co.* v. *Surety Co.* 105 Minn. 213 [117 N. W. Rep. 431]; *Monro* v. *Surety Co.* 47 Wash. 488 [92 Pac. Rep. 280]; *White* v. *Insurance Co.* 95 Minn. 77 [103 N. W. Rep. 735, 884; 5 Ann. Cas. 83]; *Bader* v. *Casualty Co.* 102 Minn. 186 [112 N. W. Rep. 1065; 120 Am. St. Rep. 613]; *American Surety Co.* v. *Pauly,* 170 U. S. 133 [18 Sup. Ct. Rep. 552; 42 L. Ed. 977]; *United States F. & G. Co.* v. *United States,* 191 U. S. 416 [24 Sup. Ct. Rep. 142; 48 L. Ed. 242]; *Washburn-Halligan Coffee Co.* v. *Insurance Co.* 110 Iowa 423 [81 N. W. Rep. 707]; *Peele* v. *Fund Society,* 147 Ind. 543 [44 N. E. Rep. 661; 46 N. E. Rep. 990]; *Wheaton* v. *Insurance Co.* 76 Cal. 415 [18 Pac. Rep. 758; 9 Am. St. Rep. 216]; *Franklin Fire Ins. Co.* v. *Ice Co.* 36 Md. 102 [11 Am. Rep. 469]; *New Orleans Ins. Assn.* v. *Matthews,* 65 Miss. 301 [4 So. Rep. 62]; *O'Brien* v. *Insurance Co.* 52 Mich. 131 [17 N. W. Rep. 726]; *Blake* v. *Insurance Co.* 78 Mass. (12 Gray) 265]; *Carson* v. *Insurance Co.* 43 N. J. Law 300 [39 Am. Rep.

Franklin County.

584]; *Indiana Ins. Co.* v. *Capehart,* 108 Ind. 270 [8 N. E. Rep. 285]; *Rokes* v. *Insurance Co.* 51 Md. 512 [34 Am. Rep. 323]; *Insurance Co.* v. *Staats,* 102 Pa. St. 529; *Insurance Co.* v. *Weiss,* 106 Pa. St. 20; *United States* v. *Fidelity & Guar. Co.* 178 Fed. Rep. 721; *Lazelle* v. *Surety Co.* 109 Pac. Rep. 195 (Wash.); *Ovington* v. *Indemnity Co.* 36 Wash. 473 [78 Pac. Rep. 1021]; *Heffernan* v. *Fidelity & Guar. Co.* 37 Wash. 477 [79 Pac. Rep. 1095]; *Denny* v. *Spurr,* 38 Wash. 347 [80 Pac. Rep. 541]; *Martin* v. *Surety Co.* 53 Wash. 290 [101 Pac. Rep. 876]; *New Haven* v. *Brick Co.* 78 Conn. 689 [63 Atl. Rep. 517]; *Atlantic Trust & Dep. Co.* v. *Laurinburg,* 163 Fed. Rep. 690 [90 C. C. A. 274]; *Lesher* v. *Fidelity & Guar. Co.* 239 Ill. 502 [88 N. E. Rep. 208]; *Aetna Indemnity Co.* v. *Waters,* 110 Md. 673 [73 Atl. Rep. 712]; *American Bond. Co.* v. *Investing Co.* 150 Fed. Rep. 17 [80 C. C. A. 97; 9 L. R. A. (N. S.) 557]; *National Surety Co.* v. *United States,* 129 Fed. Rep. 70 [63 C. C. A. 512]; *United States F. & G. Co.* v. *Woodson Co. (Comrs.)* 145 Fed. Rep. 144 [76 C. C. A. 114]; *Schreiber* v. *Worm,* 164 Ind. 7 [72 N. E. Rep. 852]; *Henry* v. *Indemnity Co.* 36 Wash. 553 [79 Pac. Rep. 42]; *Stetson* v. *Bank,* 2 Ohio St. 167; *Fuller* v. *Coats,* 18 Ohio St. 343; *Black* v. *Hill,* 32 Ohio St. 313; *Price* v. *Coblitz,* 12 Circ. Dec. 34 (21 R. 732); *Osburn* v. *State,* 7 Ohio (pt. 1) 212; *Reynolds* v. *Rogers,* 5 Ohio 169; *Whitman* v. *Keith,* 18 Ohio St. 134, 149; *Kent* v. *State,* 42 Ohio St. 426; 9 Cyc. 645, 776; 17 Cyc. 689; *District of Columbia* v. *Iron Works,* 181 U. S. 453 [21 Sup. Ct. Rep. 680; 45 L. Ed. 948]; *Jessup* v. *Dennison,* 13 Dec. Re. 93 (2 Dis. 150); *Contractors & Builders Supply Co.* v. *Cement Co.* 26 O. C. C. 49 (4 N. S. 225), affirmed, no op., *Contractors' & Builders' Supply Co.* v. *Cement Co.* 72 Ohio St. 655; *Roehm* v. *Horst,* 178 U. S. 1 [20 Sup. Ct. Rep. 780; 44 L. Ed. 953]; 1 Sutherland, Damages Sec. 120; 3 Sutherland, Damages Sec. 651 (365); 1 Sedgwick, Damages Secs. 84-87; 2 Sedgwick, Damages Sec. 737; *Lansamlet T. P. Co., Ex parte,* L. R. 16 Eq. 155; *Roper* v. *Johnson,* L. R. 8 C. P. 167; *Burckhardt* v. *Greene,* 26 O. C. C. 315 (7 N. S. 515), affirmed, no op., *Burckhardt* v. *Greene,* 68 Ohio St. 711; *Wrubel* v. *Muth,* 5 Circ. Dec. 173 (11

Phosphate Co. v. Chemical Co.

R. 559); *James* v. *Allen Co.* 44 Ohio St. 226 [6 N. E. Rep. 246; 58 Am. St. Rep. 821]; *Smith* v. *Lime Co.* 57 Ohio St. 518 [49 N. E. Rep. 695]; *Steinu* v. *Gas Co.* 48 Ohio St. 325 [27 N. E. Rep. 545]; *Postal Telegraph Cable Co.* v. *Cereal Co.* 13-23 O. C. C. 516 (3 N. S. 259); *St. Bernard* (*Vil.*) v. *Reig,* 7 Circ. Dec. 539 (13 R. 540); *Wright* v. *Bank,* 110 N. Y. 237 [18 N. E. Rep. 79; 1 L. R. A. 289; 6 Am. St. Rep. 356].

## ALLREAD, J.

The Jarecki Chemical Company brought suit in the common pleas court against the Sumner Phosphate Company and the American Surety Company for damages for breach of contract for delivering of phosphate rock according to the terms of a written contract of the Phosphate Company with the Jarecki Company upon which the American Surety Company became surety for due performance by the Phosphate Company.

The Jarecki Company obtained judgment against the Phosphate Company for $12,000 and against the Surety Company for $10,000.

The Phosphate Company prosecutes error here to reverse this judgment and the Surety Company is made party and files a cross petition in error.

The errors complained of and argued here relate more especially to the defense of the Surety Company.

The Surety Company complains of the court's refusal to permit it to amend its answer so as to deny its execution of the bond sued on.

This question was made for the first time after the trial began.

The plaintiff in the opening of its case offered the original bond in evidence. The bond showed upon its face evidence of an alteration. Condition four of the bond requiring the Jarecki Company to withhold 15 per cent of the value of all work performed and materials furnished until complete performance or expiration of time for filing liens, etc., was erased.

Upon inspection of the original bond and discovery of the alteration leave was sought on behalf of the Surety Company to amend its answer so as to deny the bond because of

the alterations. This amendment was refused by the trial court because it came too late.

It is urged that the amendment was offered as soon as discovered and that terms might have been imposed but that an absolute refusal was an abuse of discretion.

This contention of counsel as a general proposition need not be controverted here.

The petition contained a copy of the bond with three conditions. These conditions were set out in the body of the petition. A demurrer was filed and argued by counsel for the Surety Company and overruled by the court.

Upon leave granted the Surety Company filed an answer admitting the execution of a bond as set forth in the petition. The answer is sworn to by J. S. Mossgrove, the local agent who executed the bond.

The case stood upon this answer from November 26, 1906, to the trial in October, 1909.

In the meantime the case had been prepared for trial. Depositions had been taken and the original bond exhibited. The Surety Company had notice of the taking of the depositions and did not attend, relying upon counsel for the Phosphate Company who did attend.

Upon the application for leave to amend, counsel for the Surety Company stated that the local agent, J. S. Mossgrove, who verified the answer, would, if permitted, testify that the copy of the bond in his office contains the fourth condition and that the original bond when executed contained the fourth condition and that the alteration in the bond was after delivery.

Now, upon the face of the bond it appears to have been executed upon the part of the Surety Company by W. D. Park "resident vice-president" and J. S. Mossgrove, "resident assistant secretary."

While Mr. Mossgrove assumes to speak positively as to the alteration so far as the local office is concerned he does not do so as to general offices, nor does his proposed testimony show that the bond was in his control until final delivery. The fact remains that the fourth condition is inconsistent with the

Phosphate Co. v. Chemical Co.

contract which the bond purports to guarantee and with the application upon which it is based. The failure to pay in full each month would be a breach of the contract; while a payment in full would be a breach of the bond if the fourth condition remains.

There is, therefore, a strong presumption of fact that the alteration was made before final delivery. *Franklin* v. *Baker,* 48 Ohio St. 296-303 [27 N. E. Rep. 550; 29 Am. St. Rep. 547].

And this presumption of fact is corroborated and strengthened by the admission of the original answer and long delay and is not met and overcome by the proposed testimony of J. S. Mossgrove for the reason that he does not show opportunity to know of the condition of the bond when finally delivered or to know whether the general officers approved the alteration.

Upon this state of the evidence given and offered the trial court did not abuse its discretion in its refusal to permit the amendment at that stage of the case.

It is contended that the failure of the Jarecki Company to notify the Surety Company of one or more defaults of the Phosphate Company in the full performance of the contract for preceding periods operates as a complete release of the Surety Company.

This question is raised by the demurrer to the petition, by demurrer to the plaintiff's evidence, upon motion for nonsuit and upon the special and general charges of the court. The contention is based upon the first condition of the bond, viz.:

"That in the event of any default on the part of the principal, in the performance of any of the terms, covenants or conditions of said contract, written notice thereof with a verified statement of the particular facts showing such default and the date thereof, shall within ten days after such default be delivered to the Surety Company at its office in the city of Columbus, Ohio."

The view of the court of common pleas as shown by charges given and refused was, in substance, that a failure to give notice within the stipulated time of any particular default was

Franklin County.

effective as a bar to liability for that default, but in the absence of actual prejudice to the Surety Company did not relieve it from liability for future defaults for which notice is duly given.

This view is supported by the weight of authority and is in harmony with the scope and purpose of the bond.

*Lakeside Land Co.* v. *Surety Co.* 105 Minn. 213 [117 N. W. Rep. 431]; *United States F. & G. Co.* v. *United States,* 191 U. S. 416 [24 Sup. Ct. Rep. 142; 48 L. Ed. 242]; *United States v. Fidelity & Guaranty Co.* 178 Fed. Rep. 721; *Lazelle* v. *Surety Co.* 58 Wash. 589 [109 Pac. Rep. 195]; *Van Buren Co.* v. *Surety Co.* 137 Ia. 490 [115 N. W. Rep. 24; 126 Am. St. Rep. 290]; *Aetna Indemnity Co.* v. *Waters,* 110 Md. 673 [13 Atl. Rep. 712]; *Henry* v. *Indemnity Co.* 36 Wash. 553 [79 Pac. Rep. 42].

To hold as contended for here that notice is required for every trifling or inconsequential departure from the strict terms of the contract guaranteed and that a failure to give such notice is a bar to all further liability upon the bond is too narrow and would amount to a practical destruction of the objects and purposes of the bond.

Counsel for plaintiff in error cite *Home Ins. Co.* v. *Lindsey,* 26 Ohio St. 348, but a careful examination of that case discloses that the holding of the court as to want of notice applied to an existing loss—not future losses. The case might be made parallel if we assume that an insured had one or more fires in the insured building of trifling results and then a complete loss. It would be unreasonable and absurd to hold in the case assumed that a mere failure to report the small fires would be a complete bar to recovery for the complete loss upon its being properly reported.

The same conclusions must also prevail as to slight deviations by request or order of the Jarecki Company as to amount and time of delivery during previous months where in no wise affecting the contract for the period of alleged liability.

We find no prejudicial error in admitting evidence of market values of phosphate rock at other nearby points to be

Phosphate Co. v. Chemical Co.

considered in the absence of a market value at the stipulated place of delivery, nor in the charge of the court in respect thereto.

We find no prejudicial error in the charges given or special charges refused in respect to a complete breach of the contract.

The failure of the Phosphate Company to answer the letter of February 8, or to make any effort to comply with the contract up to the bringing of the suit and in view of the needs of the Jarecki Company and of their proceedings to buy supplies is sufficient evidence of repudiation of the whole contract to uphold the verdict.

Some of the special charges requested by the plaintiff in error might be considered good as general statements of the law but were not sufficiently concrete or specific to meet the present case.

The subjects of the special charges were properly covered by the general charge.

We have examined the other exceptions complained of and find no prejudicial error in the record.

Affirmed.

**Dustin** and **Rockel, JJ.,** concur.