Walters, Middleton and Sayre, JJ., of fourth district, sitting by designation.

*FIDELITY & DEPOSIT CO. OF MARYLAND v. CLEVELAND (CITY).

1. **Effect of General Demurrer when One Cause of Action well Pleaded.**
   It is a fundamental rule of pleading that a general demurrer to any pleading, containing two or more causes of action or defenses, may not be sustained if any one cause of action or defense therein is well pleaded.
2. **Surety Entitled to Jury Determination of Representations Affecting His Liability on Contract.**
   A surety has the right to have determined primarily by a jury whether representations upon which he claims to have relied to his injury were sufficient to justify an avoidance of the contract of suretyship.
3. **Modifications in Contract Affecting Surety's Liability Question for Jury.**
   Provisions which permit of alterations or modifications of a contract, for the purpose of taking care of conditions and situations arising during the course of the work and which could not be anticipated at the time of making the original agreement, are such modifications as do not increase the liability of the surety. Whether other modifications have resulted in increasing the liability of the surety is a question which he is entitled to have determined by a jury, and if found to be material and to have substantially increased such liability, they are fatal to the right of the obligee to recover on the bond.
4. **Surety not Concluded by Former Judgment were thought Erroneously Dismissed from Action.**
   The conclusiveness of a judgment against a contractor and his surety can not be maintained as to the surety, when it was rendered in an action from which the surety had been dismissed, and therefore at the time the judgment was rendered was not a party nor in privity with anyone who was a party; and this is true notwithstanding the order dismissing the surety was probably erroneously entered.

*Tolles, Hogsett, Ginn & Morley,* and *Hoyt, Dustin, McKeehan & Andrews,* for plaintiff in error.

*W. S. FitzGerald,* and *Alfred Clum,* for defendant in error.

## MIDDLETON, J.

It appears from the record herein that on August 22, 1896, the plaintiff in error, the Fidelity & Deposit Company of Maryland, hereinafter designated as the surety company, executed

---

*Motion certify dismissed by Supreme Court, December 9, 1919.

Fidelity & Dep. Co. v. Cleveland.

and delivered to the defendant in error, the city of Cleveland, a certain bond in the sum of $262,000, conditioned for the faithful performance of a contract by one W. J. Gawne. This contract was one for the construction of a lake tunnel, which was intended to afford the city a better and purer supply of water. The conditions of the bonds were as follows:

"The Condition of this Obligation is such that, whereas, the above named principal did on August 22, 1896, enter into the foregoing agreement with the said city of Cleveland, which said agreement is made a part of this bond the same as though fully set forth herein:

Now, if the said party of the second part in the said foregoing agreement, shall well and truly execute all and singular the stipulations of said agreement by him to be executed, and shall pay all just and legal claims for labor performed upon, and for materials furnished for the work specified in the said agreement, then this obligation to be void, otherwise to remain in full force and virtue in law; we agreeing and hereby consenting that this undertaking shall be for the use of any laborer or materialman, having a just claim as aforesaid as well as for the said city of Cleveland, and further, that the parties to the foregoing agreement may, from time to time, and as often as they see fit, make any additions to, omissions from, or modification of the work and the said agreement, which in the judgment of the said parties do not materially increase the liability thereon, without consulting the sureties hereto, and without in any way affecting their liability hereon."

Subsequently this action was brought by the city against the plaintiff in error to recover the full penalty of the bond. The amended petition, on which judgment was rendered in the court below, contains two causes of action. In the first cause of action the city alleges a breach of the contract on the part of the contractor Gawne, and avers violations of the conditions of said contract on his part, the doing of defective work and the use of defective materials, and his refusal to make proper repairs necessitated by such defective work and material, and many other breaches of the contract. The amended petition further alleges that the city was obliged to complete the work by the expenditure of a large amount of money, whereby the contractor and the surety company became indebted to it in the sum of $262,000, with interest from January 1, 1904.

In the second cause of action the city alleges that on April 4, 1905, said contractor began an action in the court of common pleas of this county against the city, in which he claimed a balance due on said contract of $123,147.34; that the city filed an answer and cross-petition in said action and made the surety company herein a party defendant; that said cross-petition set forth the bond aforesaid and the breaches of the contract by the contractor Gawne aforesaid, and asked a judgment against said contractor and against said surety company in the full amount of the penalty named in the bond. It is further alleged in said second cause of action that a summons was issued on said cross-petition and served upon the surety company, and that the surety company thereupon filed a demurrer to said answer and cross-petition upon the ground that there was a misjoinder of parties defendant; that said demurrer was thereafter sustained by the court and the cause thereupon proceeded between the contractor and the city, resulting in a judgment in favor of the city and against the contractor in the sum of $234,802.85, whereby a judgment is asked against the surety company in the present action for the full penalty of its bonds, amounting to $262,000.

To this amended petition the surety company filed an amended answer containing many defenses, which hereinafter will be noted more in detail. A general demurrer to said amended answer was sustained by the trial court, and the surety company not desiring to plead further a judgment was entered against it for the full amount of said bond, namely, the sum of $262,000 with interest. These proceedings are now prosecuted to reverse that judgment.

From the opinion of the learned trial judge, filed with the briefs herein, it seems that the general demurrer to the amended answer was sustained upon the theory that the judgment obtained by the city against the contractor in the first suit, as set forth in said second cause of action aforesaid, concluded the surety company in respect to all matters litigated in that case or which might have been litigated; in other words, that the judgment recovered in the first case was *res adjudicata* as to all questions of the surety's liability to the city. The trial court's conclusions in this regard are stated in the opinion as follows:

Fidelity & Dep. Co. v. Cleveland.

"In an action against a surety, where the covenant is that the principal shall well and truly execute all and singular the stipulations on his part to be performed, the judgment in the original case between the obligee and the principal is conclusive against the surety, due notice of such suit having been given as to all matters which were or which could have been adjudicated between the obligee and the principal. Such judgment will not conclude the surety from setting up any defense which is purely personal as to the surety or which would relieve the surety from liability on its bond, and the surety may set up a defense for fraud or collusion between the principal and obligee."

The learned trial court, then applying the law so determined by him to the facts pleaded in the amended answer, held that the defenses numbered two, three, four and five therein dealt with matters which were or might have been litigated in the original suit, and therefore, constituted no defense in the instant action. It may be admitted that all of the facts pleaded in said defenses have to do with matters which could have been litigated in the former action had the surety company the opportunity so to do. But it did not have that opportunity, and as the first cause of action in the amended petition is founded wholly on alleged breaches of the contract by Gawne, and therefore tenders the same issues on the part of the city as were presented by it and determined in the original action, it certainly follows that so long as the city stands upon this first cause of action these defenses are pertinent and proper to the issues thus presented. A general demurrer, therefore, to the amended answer as a whole could not properly be sustained. It is a fundamental rule of pleading that a general demurrer to any pleading containing two or more causes of action or defenses may not be sustained if any one cause of action or defense therein is well pleaded. 1 Bates Pleading & Practice, p. 415. For that reason, if no other, a general demurrer to the amended answer should have been overruled.

In the first special defense in the amended answer the surety company pleads that the bond never went into effect nor became binding. It alleges that certain misleading statements were made by the city which affected the risk and which were material to the surety, and by reason of which it should be released from the bond.

Further pleading in this defense it states that the contract between Gawne and the city, made a part of the bond executed by the company, was materially altered without the surety's knowledge or consent before it was accepted by the city, and that by reason thereof it never went into effect and never was intended to, nor did it, secure the performance of the contract as actually entered into by Gawne and the city. The matters in this defense were held insufficient on the theory that the bond itself provided for the alterations made in the contract before it was accepted, and the misleading statements relied upon by the company as a defense were not material.

We regard the facts pleaded in this defense as sufficient to raise a question for the determination of a jury. The company has a right to have a jury determine primarily whether the misrepresentations it relies upon are sufficient to justify an avoidance of the contract on its part. This defense, however, is subject to a motion to make more definite.

In respect to alterations made in the contract before it was accepted by the city, it is not our conclusion that such alterations are provided for in the bond. The bond does not provide in specific language that alterations may be made in the contract before it is accepted by the city. The manifest purpose of these provisions permitting an alteration or modification of the contract, and of the work to be done thereunder, is to take care of conditions and situations which may arise in the course of the construction of the tunnel and which could not be anticipated in the making of the original agreement. We do not hold that every alteration or modification of this contract after the bond was executed and before the bond and the contract were accepted by the city would release the surety and vitiate the bond. We are, however, convinced that a material alteration or modification in the contract before its acceptance would have that result, and that whether or not such modification increased the liability of the surety is a question for a jury and may not be determined by the city and Gawne under the authority of the bond. This is so because the provisions of the bond relied upon as authorizing such modifications did not become operative until both the contract and the bond were accepted. Both constituted one contract in so far as the liability of the surety was involved. When they

were presented to the city no substantial change could be made
in either without the knowledge and consent of the surety.
Whether the alterations or modifications complained of were and
are material to the surety is, in our judgment, as before observed,
a question for the jury; and if determined by the latter to have
been material, and such as to substantially increase the liability
of the surety company, they are fatal to any right to recover on
the bond. We are, therefore, not in harmony with the conclu-
sions of the learned trial judge in his determination of the suffi-
ciency of the first special defense.

We now come to consider what may be regarded as the con-
trolling question in this case. The city's second cause of action,
as before noted, is founded upon a judgment it recovered against
Gawne in a prior suit on the contract. To this cause of action
the surety company now pleads that, after the filing of the so-
called answer and cross-petition of the city in said former suit,
it filed a demurrer to said answer and cross-petition, upon the
grounds that there was a misjoinder of parties defendant therein,
that several causes of action were improperly joined, and that
separate causes of action against several defendants were im-
properly joined in said answer and cross-petition. It alleges
further in its sixth defense that a final judgment was entered in
said action in favor of it upon said demurrer, from which judg-
ment no proceedings in error were prosecuted and the same be-
came a final judgment in favor of the surety company, and that
said judgment still stands unmodified and unreserved. Plead-
ing further it says:

"That by virtue of the foregoing it was not, and should not
now be held to be or have been, bound in any wise by any adju-
dication had or made in said action other than the adjudication
made in its behalf upon said demurrer. * * That it should not
be in any wise bound by any judgment in said action or pro-
ceedings, and that the city of Cleveland is now, by virtue of the
judgment entered in favor of this answering defendant upon the
sustaining of its demurrer, forever stopped from claiming this
answering defendant is or was bound by any adjudication, find-
ing or judgment entered or made against W. J. Gawne in said
action."

The court below found that the surety company was con-

cluded by the judgment against Gowne, and could not in the instant case religate any matters which were or might have been litigated in that suit. This ruling is very vigorously attacked by the surety company, and just as strenuously defended by the city.

It would be impossible within any reasonable limits to notice in detail the authorities submitted by counsel upon both sides in support of their respective claims on this question. In a general way it may be noted that many of the cases relied upon in support of the claim of the finality of the former judgment are cases in which the defendant was by law or contract responsible over to the party claiming the conclusiveness of the judgment. The general rule in this character of cases is well stated in 24 American & Eng. Ency. Law (2 Ed.) p. 740, *et seq*:

"Where a person is responsible over to another, either by operation of law or by express contract, for whatever may be justly recovered against such other, and he is duly notified of the pendency of the suit and requested to take upon himself the defense of it and is given the opportunity to do so, the judgment therein, if obtained without fraud or collusion, will be conclusive in a subsequent suit against him for the indemnity, whether he appeared or not.

"In such a case the person responsible over is no longer regarded as a stranger, because he has the right to appear and defend the action, and has the same means of controverting the claim as if he were the real and nominal party upon the record, and it would be unreasonable to permit him to contest the justice of the claim in the suit against himself after having neglected or failed to show its injustice in the suit against the person he was bound to indemnify."

Clearly, the instant case is not within the letter or reason of this rule. The surety's obligation here is a direct obligation to the city, which was the plaintiff, and not to Gawne, who was the defendant, in the former action. The surety company owed no duty to Gawne to defend the former suit, and it had no opportunity in that suit to defend against its own liability. Under the plain terms of its bond it made itself directly responsible to the city for the faithful performance of the contract by Gawne, and upon a breach thereof by him the city had a right of action against it, which action might be either joint or several.

### Fidelity & Dep. Co. v. Cleveland.

In the case of *Walsh Construction Co.* v. *Cleveland,* 63 Bull. 197 (16 O. L. R. 62), in the United States court, northern district of Ohio, eastern division, a bond, identical in every respect to the one involved in the instant case, was before the court for construction upon a demurrer to the cross-petition, which demurrer was based upon the same grounds as the demurrer of the surety company in the original case against Gawne. Judge Westenhaver, in discussing the liability of the principal and surety under the bond, says:

"The fundamental assumption of this argument is that the construction contract and the performance bond are separate and independent contracts. This assumption can not be admitted. On the contrary, these several documents are expressly made a part of the same contract. They were all executed at the same time upon the same consideration, and for the same purpose, and took effect by a single delivery. As a result there is in law but one contract. A simple test of the question presented, is whether or not an original action against the Walsh Construction Co. and its surety could be maintained on the third cause of action set up in the cross-petition. Such an action on well settled legal principles could undoubtedly be maintained without first compelling- the obligee to sue the principal on the contract and exhaust his remedies against him. Both defendants have agreed jointly and severally to perform all the terms of the construction contract. They are in law joint and several contractors and obligors. The surety's obligation is not that of an indemnitor or of a collateral guarantor against whom no action can be brought without demand or notice or until after failure to collect from the principal; the obligation is an absolute and unconditional one, binding both principal and surety for the full performance of each and every one term, condition and requirement of the contract. A joint or separate action might at common law and under Secs. 11256 and 11258 G. C. be brought thereon. *Stage* v. *Olds,* 12 Ohio 159; *Neil* v. *Agricultural & Mech. College,* 31 Ohio St. 15; *Saint* v. *Wheeler & Wilson Mfg. Co.,* 95 Ala., 362 [10 So. 539; 36 Am. St. 210]."

This able interpretation of the rights and liabilities of the parties to a contract of the kind involved here is, in our judgment, a correct statement of the law.

Many cases have been examined by us in which, under bonds of the kind involved here, a judgment of a materialman against the obligee was held conclusive against the surety. The condi-

tions surrounding cases of that kind, however, are entirely different from the circumstances here. In those cases there was a responsibility over; that is to say, the obligee of the bond was the defendant in the original suit, and therefore should not be compelled after he had given notice to his surety to relitigate the claims made against him. We have also examined very carefully the case of *McConnell* v. *Poor*, 113 Iowa 133 [84 N. W., 968]. This case appears to support the contention of the surety company in the instant case. It is there said:

"The defendant in the case at bar was not a party to the contract, nor could he have insisted on being made a party to the action between Evans and McConnell thereon. The latter might have brought suit against both principal and surety on the bond; but he chose, as was his right, to base his action on the contract alone. Even if these might have been regarded for some purposes, as one instrument, the appellant elected to treat them as distinct and separate by basing his suit against Evans solely on the contract, and that against Poor on the bond. The surety may require the principal to defend, for this is his duty; but the surety owes no obligation to defend him. * * * Privity, says Greenleaf, denotes mutual or successive relationship to the same right of property. Privity in law involves the right of representation, and certainly the principal, in an action against himself alone, may not represent the surety."

In the case of *Friend* v. *Ralston*, 35 Wash. 422 [77 Pac., 794], it was held that a judgment obtained in good faith by the owner of the building against the contractors for breach of the conditions of the contract, is conclusive against the surety in an action to recover on the bond if there was no fraud or collusion in obtaining the first judgment. This case discusses the case of *McConnell* v. *Poor, supra,* and the court in referring to the latter case say:

"The case of *McConnell* v. *Poor*, 113 Iowa, 133, is an authority upon which appellant places its principal reliance, but we fail to discover wherein it is in conflict with the conclusion heretofore declared respecting this feature of the present controversy. Notwithstanding the statement in the syllabus, the case fails to show that the surety had notice of the prior suit against his principal, or was given any opportunity to appear and defend such action, and it further appeared that the plaintiff had elected to treat the bond and contract as separate instruments

Fidelity & Dep. Co. v. Cleveland.

for the purposes of the litigation. The able court properly held that a judgment rendered in favor of the obligee for breach of the contract against the principal did not estop the surety, when sued on the contractor's bond.''

A consideration of ,all the cases will disclose, we think, that the courts have been inclined to base their conclusions in each case on some particular facts involved, and were not inclined to apply any infallible rule or doctrine of law. This we are disposed to do in the instant case, because it presents certain facts which are not to be found in any of the cases cited and which, in our judgment, removes it from the operation of any general rule which has been applied in other cases. We are, however, inclined to the opinion that there is no more foundation for the claim of the city of the conclusiveness of the former judgment than there would be if that judgment had been recovered against Gawne upon a joint and several promissory note. executed by Gawne and the surety company, instead of the contract and bond in this case.

Where the rule of the conclusiveness of a former judgment has been applied by the courts they all agree that two things must be present: first, there must have been a notice to the surety of the pendency of the original suit, and the surety must have had the opportunity to defend. In the instant case the last essential element is lacking. The surety company in the suit against Gawne had no opportunity to defend. The court in that case, in ruling upon the demurrer, said to it in so many words: ''You are a stranger to this action. You can not be heard in this suit. Your liability to the city of Cleveland is not a joint liability with Gawne, but it is a several liability, and the city can only assert its claims against you in a separate and independent action.''

The amended answer avers that the judgment on the demurrer is still in full force, unmodified and unreversed. While the answer does not plead upon what ground the demurrer was sustained, that is immaterial as all were directed to the question of a joint liability, and whether it was sustained on all the grounds or only one of them the result is the same. It was a determination by a court of competent jurisdiction that the liability of the surety company under its bond was a several and inde-

pendent liability. It was a determination, in other words, of all the matters legitimately involved in a consideration of the law invoked by the demurrer, and was and is conclusive against the city. It is now urged that this judgment was erroneous. In that contention we fully concur; but if erroneous, it is none the less binding and effective. It is said in *Peck* v. *Jenness*, 48 U. S. (7 How.) 612-624 [12 L. Ed. 841].

"It is a doctrine of law, too long established to require a citation of authorities, that where a court has jurisdiction it has the right to decide every question which occurs in the case, and whether its decisions be correct or otherwise its judgment, till reversed, is regarded as binding on every other court."

It was once said by an eminent judge in commenting upon the finality of a former adjudication that a judgment of a court of competent jurisdiction, if based upon erroneous notions of law or founded upon false evidence, was, nevertheless, when rendered by the court, the "infallible truth." These principles, however, are elementary. The judgment on the demurrer in the original suit determined conclusively the manner or mode by which the city could then and thereafter enforce its rights against the contractor and the surety company. It was an adjudication by a court of competent jurisdiction of all the remedies available to the city in respect to any claim it might desire to assert against the contractor and his surety growing out of the breach of the contract by the former. It was not, of course, a judgment on the merits of such a claim, but it was a determination against the city in respect to its right to prosecute a joint action against Gawne and the surety company; and, right or wrong, this court and other courts are bound to observe it in subsequent litigation between the same parties in respect to the same subject-matter. This being so, upon what theory may the city now plead the law of *res adjudicata* against the surety company. It was not a party to the former suit when the judgment was rendered; nor, under the ruling of the court, was it in privity with anyone who was a party at the time the judgment was rendered. Privity, as declared in *McConnell* v. *Poor, supra,* involves the right of representation. If the surety company could not represent itself in the original action, how may it now be claimed that it was represented by Gawne?

Newark Nat. Gas & F. Co. v. Newark.

We are impelled to conclude that the judgment in the original case, dismissing the surety company from that suit, while erroneous, is nevertheless binding upon all the parties to this suit, and therefore completely estops the city from now claiming any adjudication in the former case of the merits of its claim against the surety company. That judgment confined the city to a several action against the surety company, in which any and all defenses affecting or relating to the latter's liability are available to it. In other words, the city must now prosecute its claim against the surety company as if the judgment against Gawne in the original action "is not and never was."

An amendment to the petition in error was filed, and a motion to strike this amendment from the files was submitted to the court. Under our conclusions in this case we regard this amendment now as immaterial and that the motion should be sustained. One of the things which the amendment sought to bring into the case was the insufficiency of the amended petition. As the case must now be retried, we would suggest that the first cause of action in the amended petition be amended so as to show a performance by the city of all the conditions of the contract on its part to be performed. We regard the first cause of action in the present amended petition defective in that respect.

In view of the foregoing considerations, the demurrer to the amended answer should have been overruled and the judgment of the lower court, therefore, in sustaining the same is reversed, and the case is remanded to the court of common pleas of this county for further proceedings according to law.

WALTERS and SAYRE, JJ., concur.