**STATE ex HODAPP v HAINES**

Ohio Appeals, 2nd Dist.,
Montgomery Co.

No. 1614. Decided May 29, 1942

Dale Hodapp, Dayton, William D. Schaeffer, for plaintiff.

Nicholas F. Nolan, Pros. Atty., Dayton, E. E. Duncan, Asst. Pros. Atty., Dayton, for defendant.

## OPINION

BY THE COURT:

This is an original action in mandamus in this Court wherein the relator prays that the county auditor of Montgomery County be compelled to proceed forthwith to investigate and assess against certain property owners, for the years 1926 to 1930, additional taxes and penalties found to be due as provided by §5398-1 GC, and that pending a determination of the cause a temporary restraining order be issued prohibiting the defendant, Haines, as auditor, from destroying certain personal property records and tax returns.

The amended petition in this case follows substantially the petition filed in the case of State ex rel v Zangerle, County Auditor 135 Oh St 533. An allegation made in the pending case, which does not appear in the Zangerle case, is to the effect that on the 24th of November, 1939, relator made a request upon the prosecuting attorney of Montgomery County to institute a mandamus proceeding against the auditor requiring him to assess against immunity certificate holders and others, original and additional personal property taxes for the years 1926 to 1930, stating that said request was refused by the prosecuting attorney.

The amended petition in this case is so nearly identical with that of the Zangerle case and each petition is so lengthy that we refrain from quoting from them in detail.

The defendant, Jesse Haines, as Auditor of Montgomery County, Ohio, demurs to the petition in mandamus herein filed for the reason that the same does not allege sufficient facts to constitute a cause of action.

Sec. 5398 G C under the authority of which this action is brought and cognate sections may be briefly sketched as follows. The pertinent portion of §5398 is set out in the Zangerle case in such detail as to relieve us of the necessity of here quoting therefrom in extenso. We shall emphasize the portions of the sections which seem to us of special import.

Sec. 5398 GC. If a county auditor believes or has reason to believe that a person required by law to list property in any year beginning

with 1926 and ending in 1931 has made a false return or evaded making a return or failed to include any property required by law in any such year listed, **he shall call such person before him for examination.** Unless the person so called produces a certificate of immunity to the effect that he has made return for the year 1932 and fully listed all taxable property, **the auditor shall proceed with the examination** calling necessary witnesses. **If, upon such hearing or examination,** the auditor finds that a person so required to make a return has made a false return or has evaded making a return or has failed to include in such return certain property, **he shall determine as nearly as practicable** the true amount of the personal property which such person has failed to return or upon which he should have been, but was not taxed for the year 1926, or for any year subsequent thereto.

He shall assess the sum so omitted for any year and enter the amount on the tax list and add thereto a penalty.

No person shall be excused from testifying.

**The provisions of this section shall be liberally construed so as to secure the payment by each person of all taxes to which he is lawfully liable.**

Sec. 5398-1 provides that a person called before the auditor under the preceding section, or who claims to have made a return in the year 1932, may apply to the Tax Commission for a certificate of immunity from examination. Upon the application for such certificate the Commission shall proceed to determine whether or not the person whose returns are proposed to be investigated made a return in 1932 and fully and in good faith listed his taxable property and if the Commission finds such to be the fact, it shall issue a certificate to that effect and order the auditor to stay proceedings. Such certificate shall constitute a defense in any criminal prosecution.

In the case of **State ex rel v Hunt 132 Oh St 569,** the question of constitutionality of the provisions for immunity was under examination and the Court there held that the Constitution does not give the legislature the power to classify taxpayers so as to distribute the burden of taxation unequally. It was held the statute under consideration does attempt to divide taxpayers into two classes, which action is in violation of **Section 2 of Article I of the Constitution.** (Page 582).

In the case of **State ex rel v Hunt** it appears that Carrie Jacobs Brown, a resident of Stark County, had died intestate possessing a large estate and that by reason of the inventory of the estate filed by the executors in Probate Court, the auditor learned that the decedent, during the five previous years, had failed to return her taxable property for taxation by reason whereof the auditor assessed such personal property from the year 1926 to 1930 and entered the amount owing as taxes from her to be the sum of $385,518.21 for which a certificate was given to the county treasurer. The trial was had in the court of common pleas and the court found in favor of the relator and against the executors in the sum named and this judgment was affirmed by the court of appeals

and the supreme court affirmed this judgment.

In the Zangerle case above referred to, the court holds,

(1) That a statute may be invalid in part by reason of some provisions being repugnant to the State Constitution and valid as to the residue.

(2) There is no statutory limitation of time for the collection of taxes.

(3) Official discretion can not be controlled by mandamus in the absence of fraud, bad faith or abuse of discretion, but if a public officer declines to act in toto in a matter involving the exercise of discretion a writ of mandamus may issue to compel him to act.

(4) A county auditor is a ministerial officer but to some extent exercises discretion in placing omitted taxable personal property on the duplicate.

(5) The auditor is charged by §5398 with the duty to investigate the tax return of a person when he believes or has reason to believe that personal property has been improperly omitted by such person from his return for any year between 1926 and 1931; and when he declines to act upon reasonable information, an action in mandamus may be maintained to compel him to proceed with an examination or hearing and to make a finding as to whether taxable personal property has been omitted from the duplicate by such person for any such year.

(6) A petition in an action for mandamus to compel the county auditor to proceed to inquire as to omitted taxable personal property in the exercise of the duty imposed upon him by §5398 does not state facts sufficient to constitute a cause of action when the allegations thereof fail to show that the auditor has information that taxable property has been improperly omitted by a particular person from his return and that the county auditor has expressly declined to examine and investigate such return and make a finding as to the omitted property.

From an examination of this statute and the decisions referred to, we arrive at the conclusion that there is a duty imposed upon the county auditor to proceed with the examination such as is provided by §5398 and certify the amount of omitted taxes to the county treasurer under certain conditions. However, before he proceeds with such an examination, he **must believe** or **have reason to believe** that a person required to make the return has made a false return, etc. If upon the hearing provided for examination, the auditor finds that the person so required has made a false return, the auditor shall assess the sum omitted. The statute is to be construed so as to secure the payment by each person of all taxes to which he is liable.

Respondent in his brief memorandum asserts that the petition is legally defective under the authority of the Zangerle case wherein it was held that in an action similar to the instant case the petition was fatally defective in the absence of narration that a demand was made upon the county auditor previous to filing the petition. This claim of the respondent is briefly met by the assertion that the relator contends the demurrer should

be overruled for the reason that the relator, in his amended petition, alleges that he offered to furnish the names of numerous taxpayers on whom he had information and belief that their returns disclosed large discrepancies between the amounts of the personal property listed and the amount owned. It is claimed by this allegation that the relator has complied with the ruling of the court in the Zangerle case and it is asserted that further evidence will be offered that will show that the relator offered to furnish a list of numerous taxpayers wherein the auditor's duplicate and the taxpayer's return showed large discrepancies between those amounts and the amounts as shown by inventories and appraisements of the taxpayers in the administration of estates in the Probate Court of Montgomery County, Ohio. Upon having this information brought to him the auditor refused to proceed to make any investigation.

The respondent to support his position relies upon the concluding paragraph of the Zangerle case found at page 544, wherein Williams, J., delivering the opinion of the Court, says, in substance,

There is no allegation to show that demand was ever made upon the appellee auditor to investigate any of the estates with regard to omitted taxes or that the auditor ever declined, expressly or impliedly, to investigate these estates. The petition, however, does allege that written requests were made upon the prosecuting attorney to institute proceedings against the appellees requiring them to investigate the personal property taxes but that such request was refused in writing. The petition however does not contain allegations to show

that knowledge was brought home to the appellee auditor which could create a belief or reason to believe that property had been improperly omitted from the decedent's returns. "It is therefore evident that the petition lacks essential averments and is subject to a general demurrer."

With this broad statement of the Court as to what it is necessary for the petition to aver, so as not to be subject to demurrer, we are at a loss to understand why counsel did not make more definite statements covering the points which are there held to be essential to a proper petition. We search the petition for allegations meeting the criticism in the Zangerle case.

The major portion of the petition, as before pointed out, substantially follows the form laid down in the Zangerle case. There is an allegation that Haines had under consideration the investigation of a number of persons in reference to their returns and that his further action in continuing the investigation was stayed by the act of the legislature which provided for the issuance of the immunity certificate. The petition in the Zangerle case made the same allegation. It is alleged that certain immunity certificates were issued to certain persons residents of Montgomery County listing or having been required to list personal property "some of whose names are set forth in Exhibit 'A'" attached to the petition; that others who did not have immunity certificates filed incorrect personal property tax returns for the reason stated in the petition and that by reason thereof said persons are indebted to the county for personal property taxes. These allegations are not essentially different from those set up in the Zangerle case.

It is further alleged that the defendant has in his custody records showing listings of personal property. and taxes paid thereon for the years 1926 to 1930 by immunity certificate holders as well as such records relating to inventory appraisals for inheritance taxes. That in addition to the above records, the auditor has in his possession the personal property tax returns filed by persons for the year 1932, disclosing personal property listings said year substantially greater in amount than for the years 1926 to 1930; that all such records are in the custody of the county auditor and disclose large discrepancies between the amount of property owned by said certificate holders and decedent's estates which were taxable between the years 1926 and 1930 showing the returns for those years, and that by reason of the foregoing facts the defendant was informed and had reason to believe that personal taxable property of great value was omitted from the returns filed by aforesaid persons for the years 1926 to 1930 inclusive and that taxes in substantial amounts were due to the county and that notwithstanding such knowledge the auditor has neglected and refused to make investigation of the additional property taxes pursuant to the provisions of the section.

It is further averred that relator at various times between the 16th day of November, 1939, and the 27th of said month advised the defendant that §5398 made it a duty for the auditor to investigate and assess immunity certificate holders and estates and others who had failed to file a return or made a false return.

It is further averred that at various times after the 24th of November, 1939, relator made written demands upon the defendant, Haines, as Auditor, to proceed as provided under §5398 and that the Auditor refused to start any investigation; that a request was made of the County Prosecutor to institute mandamus proceedings.

While a number of these allegations are rendered ineffective, if measured by the statement of the Court on page 544 of the Zangerle case, we are yet of the opinion that there are sufficient allegations, not as definite as might be made, that would bring this case under the third and fifth syllabi of the Zangerle case and that neither the sixth syllabus nor the last paragraph of the case support a general demurrer.

It will be observed that the allegations of the petition in the case of State ex rel v Hunt, 132 Oh St 569, as the same are there disclosed, are no stronger than the allegations of the case at bar and such petition was supported, both by the court of common pleas, the court of appeals and the supreme court.

Demurrer overruled. Leave to plead further.

GEIGER PJ., BARNES & HORNBECK, JJ., concur.