**STATE, ex HODAPP, Plaintiff, v. HAINES, Defendant.**

Ohio Appeals, Second District, Montgomery County.

No. 1614. Decided March 15, 1943.

Dale Hodapp, William D. Schaeffer, Earl C. Null, Dayton. for plaintiff.

Nicholas F. Nolan, Pros. Atty., Edward E. Duncan, Asst. Pros. Atty., Dayton, for defendant.

## OPINION

By GEIGER, J:

This is a mandamus proceeding originally brought in this court.

On May 27, 1942, (36 **Abs** 375), we rendered our opinion on the demurrer to the petition, overruling the demurrer. Since the demurrer was overruled the defendant has filed an answer and the matter is now before us on a demurrer by the plaintiff to the defendant's answer. The petition in this case closely follows the form of the petition in **State, ex rel. Zangerle, County Auditor, 135 Oh St 533.** Due to the fact that the allegations of the petition and the determination of the Court are available in the above cited case of State v. Hodapp, we will refrain from setting them out again at length.

The relator in his petition prays that a temporary writ issue compelling the County Auditor to proceed to investigate and to assess against all immunity certificate holders and other persons who have failed to pay their proper and full personal property taxes for the years 1926 and 1930, additional taxes and penalties found to be due as provided by the statute, or to show cause why he has not done so. The defendant, Jesse Haines, has filed under date of June 12, 1942, a short answer. The first paragraph is,

"Now comes Jesse Haines, defendant, and admits that he is the duly elected and qualified Auditor of Montgomery County, Ohio, but denies all other allegations of the plaintiff's petition."

By way of further answer he says that he is willing to and expects to comply with all the laws to the best of his ability; that he is precluded from proceeding to assess the taxes on personal property for the years prior to 1932 by amended Senate Bill 13, effective ninety days after May 15, 1941.

Defendant asks the Court for further instructions as to his duties in the premises, if the Court finds that said amended Senate Bill and cognate sections of the General Code do not fully cover the matter alluded to in the petition, insofar as defendant's duties are concerned.

The defendant further says that there are no assessments pending at the effective date of said Senate Bill relating to the estates mentioned in the petition, and he asks that the petition of the plaintiff be dismissed.

To this answer the plaintiff, under date of November 9, 1942, files a demurrer as follows:

"Now comes the plaintiff, State, ex rel. Dale Hodapp, and demurs to the answer of the defendant filed on the 12th day of June, 1942, for the reason that the same does not state facts sufficient to constitute a legal defense."

The plaintiff then sets out a short memorandum supporting his demurrer, asserting that the only defense of respondent is an act of the Legislature, being §5398-2 GC, et seq, which did not become effective or operative until May 14, 1941, and which is unconstitutional.

The plaintiff cites a number of recent cases which he claims support the demurrer to the answer of respondent. See **State, ex rel. Hostetter, Appellee, v. Hunt, 132 Oh St 568; State ex rel v. Zangerle, 135 Oh St 533; Black, et al., Appellants, v. Evatt, 138 Oh St 52; Ireland, Jr., Exr., Appellant v. Evatt, 138 Oh St 61.**

In the view that we have taken of this matter now before this court, we do not feel called upon to comment at length upon any of these cases, except to say that they raise interesting questions which may be of importance as the case progresses.

The matter is now before us on a demurrer to the defendant's answer, and the first paragraph of that answer is in substance a general denial of all allegations of the plaintiff's petition. The several defenses are not separately numbered, but are each found in separate unnumbered paragraphs of the answer.

The pertinent statutes touching demurrers to answers are:

**Sec. 11323 GC,** "The plaintiff may demur to a counterclaim, set-off, or defense consisting of new matter, on the ground that on its face it is insufficient in law."

**Sec. 11325 GC,** "The plaintiff may demur to one or more of several counterclaims, set-offs or defenses consisting of new matter, and reply as to the residue."

"It is a fundamental rule of pleading that a general demurrer to any pleading containing two or more causes of action or defenses may not be sustained if any one of said causes of action or defenses therein is well pleaded." Bates Pleading, Practice, Parties and Forms, 4th Ed. Sec. 401 F. Fidelity and Deposit Co. of Maryland v. Cleveland, 30 O. C. A. 321.

"A demurrer admits the truth of the traversable allegations of the pleading demurred to and this includes whatever may be implied from the allegations." Bates Pleading, Practice, Parties and Forms, 4th Ed., Sec. 395.

"A petition or answer having one good count or defense

is not reached by a general demurrer to the answer, though the other counts are bad. This being an analogy to the rule above stated that a general demurrer to a petition containing several counts is bad if there is one good count."

It will at once appear upon examination of this answer that the first paragraph must necessarily plead a good defense inasmuch as it is a general denial of all the allegations of the petition.

If it has plead a good defense, then the general demurrer may not be sustained under the proper rules of pleading.

We need not further discuss the matter. Demurrer overruled.

BARNES, PJ, HORNBECK, J, concur.